In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 10-3130, 10-3505 & 11-1395

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PATRICK JONES, DESHAUN GERMANY
and IVORY WATSON,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:08-cr-00401—**James B. Zagel,** *Judge.*

ARGUED OCTOBER 21, 2011—DECIDED SEPTEMBER 5, 2012

Before BAUER and TINDER, *Circuit Judges*, and
MAGNUS-STINSON, *District Judge.*[*]

BAUER, *Circuit Judge.* This is a consolidated appeal
by three defendants convicted of assorted drug offenses.

---

[*] The Honorable Jane E. Magnus-Stinson, District Judge of
the United States District Court for the Southern District of
Indiana, sitting by designation.

They contend, inter alia, that the district court erred in determining their sentences. We affirm the district court's sentences with respect to petitioners Patrick Jones and Deshaun Germany and we remand Ivory Watson's case for re-sentencing.

## I. BACKGROUND

Near the intersection of West 54th Street and South Hoyne Avenue, in Chicago, a faction of the Gangster Disciples Nation, headed by Isaiha Hicks, operated a drug organization that controlled the retail street sales of crack cocaine. The organization created charming nicknames for its employees, and like a legitimate business, adhered to the sound economic principle of division of labor; Deshaun Germany, also known as "Big Sin" ("Germany"), was one of several "distributors" for the organization; Ivory Watson, also known as "Bird" ("Watson"), functioned as a "runner," meaning he collected money from, and delivered drugs to, the organization's customers; and Patrick Jones, also known as "Hog" ("Jones") was a customer. The organization also utilized "brokers" who arranged drug transactions for a commission fee.

After a lengthy federal investigation—code-named "Operation Dead Eye"—into Hicks' drug organization, a grand jury, on August 21, 2008, charged 29 defendants with drug-related offenses. Jones, Germany, and Watson were 3 of the 29 defendants indicted. On March 5, 2010, Jones pleaded guilty to Count 9 of the indictment: possession with intent to distribute 50 grams or more of

crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Jones to 180 months' imprisonment on August 31, 2010.

A jury trial began on March 23, 2010, in the charges against Germany and other co-defendants pertaining to a superseding indictment issued on March 2, 2010. After a mistrial, but shortly before the case was to be retried, Germany and the Government reached an agreement; Germany pleaded guilty to one count in the superseding indictment: using a communication facility in furtherance of a drug offense, in violation of 21 U.S.C. §§ 841(a)(1) and 843(b). The district court sentenced Germany to 48 months' imprisonment to be served consecutively to the term of imprisonment imposed by the Superior Court of Lake County, Indiana.[1]

On March 10, 2010, Watson pleaded guilty to both counts in the superseding indictment of March 2, 2010 that applied to him: (1) conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; and (2) knowingly and intentionally distributing crack cocaine on or about March 13, 2008, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. Watson was sentenced to 180 months' imprisonment and 5 years of supervised release.

Jones, Germany, and Watson appeal their sentences. Watson's attorney seeks to withdraw as counsel and has

---

[1] While released on bond, Germany was arrested on March 9, 2009, in Lake County, Indiana and charged with dealing cocaine. On September 3, 2010, he pleaded guilty in the Superior Court of Lake County, Indiana.

filed an *Anders* brief contending that there are no non-frivolous grounds for appeal. In accordance with Circuit Rule 51(a), Watson was informed of his attorney's motion and took advantage of the opportunity to respond.

## II. DISCUSSION

All three cases in this consolidated appeal involve petitioners who committed crimes before enactment of the Fair Sentencing Act, but who were sentenced after the Act's effective date.

Federal drug statutes that impose mandatory minimum sentences for federal drug crimes determine the length of a minimum sentence based upon the kind and amount of the drug involved. Generally, drug crimes involving crack cocaine, as opposed to powder cocaine, carry harsher sentences. In other words, it takes a lesser amount of crack cocaine than it does powder cocaine to trigger a longer minimum sentence. Before enacting the Fair Sentencing Act, Congress had adopted a ten-year mandatory minimum sentence that was triggered by 5,000 grams of powder cocaine or 50 grams of crack cocaine, and a five-year mandatory sentence that was triggered by 500 grams of powder cocaine or 5 grams of crack cocaine. The FSA reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1. Specifically, the FSA increased the crack cocaine threshold needed to trigger the five-year minimum mandatory sentence from 5 grams to 28 grams and the ten-year minimum mandatory sentence from 50 grams to 280 grams.

The FSA went into effect on August 3, 2010, and the issue arose as to whether the FSA would apply to offenders who committed a crack cocaine crime before the FSA's effective date but were not sentenced until after that date. We had held that it did not—and that was the law of this Circuit at the time when each petitioner was sentenced. *See United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011). But in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Supreme Court held that the FSA *does* apply retroactively to defendants whose offenses predated the Act's effective date. So in light of *Dorsey*, we review each petitioner's appeal in turn.

### A. Patrick Jones

Jones makes two arguments. He first argues that the district court erred in not applying the new, more lenient crack cocaine threshold under the Fair Sentencing Act. The record, however, suggests that the district court did apply the 18-to-1 ratio under the FSA. During Jones' sentencing hearing, the Government recommended that the district court "impose a sentence within what is not technically the guideline applicable but what would be the guideline applicable if the 18 to 1 ratio were in play." Applying an 18-to-1 ratio, Jones' Guidelines sentence range was 210 to 262 months. The district court agreed with the Government that an 18-to-1 ratio "is within the realm of reason" and sentenced Jones to 180 months' imprisonment—a sentence well below the minimum under the FSA. We therefore find that the district court did not err by failing to apply the crack cocaine thresholds required under the FSA.

Jones next argues that the district court's sentence violated the Eighth Amendment's Cruel and Unusual Punishment Clause because it was grossly disproportionate to the crime he committed. We presume the district court's imposition of a below-Guidelines sentence to be reasonable and review it for abuse of discretion. *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). We review de novo its procedures during sentencing, including the court's consideration of the § 3553 factors. *Id.*

Jones contends that the disparity between his sentence and that of his co-conspirators violated the Eighth Amendment's prohibition against cruel and unusual punishment. Jones received a sentence of 180 months' imprisonment while one of his co-conspirators was sentenced to 80 months' imprisonment, and another co-conspirator, at the time of Jones' sentencing, was facing 171 months' imprisonment.

We reject Jones' cruel and unusual punishment argument. If the sentence is within the statutory limits, a claim of cruel and unusual punishment is normally without merit. *See United States v. Gray*, 611 F.2d 194, 197 n.2 (7th Cir. 1979). Moreover, if a district court has correctly calculated the Guidelines range, we assume that significant consideration has been given to avoid unwarranted disparities between sentences. *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009). In Jones' case, the presentence report recommended a Sentencing Guidelines range of 262 to 327 months' imprisonment. The district court correctly determined the Guide-

lines range, accepting the probation office's recommendation, but then in its discretion, sentenced Jones below the minimum.

Section 3553 requires the judge to consider, among other things, whether a particular sentence would create unwarranted disparities with other defendants, but only among defendants with "similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The district court indicated that it considered the disparity Jones complains of but found it warranted in light of the seriousness of the offenses, Jones' history, and the fact that he, unlike his co-defendants, had little to offer the Government in terms of cooperation. For instance, the district court stated, "Partly my sentence in this case is influenced by my views of the relative culpability of this defendant in connection with other defendants . . . . And due to . . . my view of the severity of this individual's offense which I do regard as severe . . . ." The district court thus adequately considered any disparity between Jones' sentence and those of his co-defendants; and in any event, the record indicates that Jones' conduct, level of cooperation with the Government, and history warranted such a disparity. *See United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009) (holding that the district court was entitled to consider the co-defendants' cooperation with the Government in choosing their sentences). The district court did not abuse its discretion; Jones' sentence will stand.

### B. Deshaun Germany

On appeal, Germany brings several procedural and substantive challenges to the reasonableness of his sentence. Again, we presume the district court's imposition of a within-Guidelines sentence to be reasonable and review it for abuse of discretion. *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). We review de novo its procedures during sentencing, including the court's consideration of the § 3553 factors. *Id*.

Germany argues that the district court failed to follow the proper procedure in determining his sentence because the court relied on his arrest record and did not adequately consider the mitigating factors that he presented at sentencing.

A sentencing court must first correctly calculate the advisory Guidelines range. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005). Next, the defendant must be given the opportunity to bring to the court's attention any factors under § 3553(a) that might warrant a sentence below the Guidelines range. *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). The court must consider those factors in selecting an appropriate sentence, although it need not expressly address all of them. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). When the court selects a sentence within the Guidelines range, it is enough that "the record confirms that the judge has given meaningful consideration to the section § 3553(a) factors." *Id*.

The district court completed the required steps in this case. First, there is no dispute that the district court correctly determined that, because the statutory maximum—48 months—was less than the applicable Guidelines range—135 to 168 months—the statutory maximum became the Guidelines sentence.[2] The district court found that Germany was accountable for 280 grams of crack cocaine. Based on the 18-to-1 ratio under the FSA, that amount of crack cocaine is equivalent to a little over five kilograms of powder cocaine. Under the current Guidelines, five kilograms results in a base offense level of 32, which, when combined with Criminal History Category II, results in a Guidelines range of 135 to 168 months. After the correct Guidelines range was determined, Germany was allowed to argue the § 3553(a) sentencing factors in his sentencing memorandum and at the sentencing hearing. The district court then considered the statutory factors in § 3553(a), including the nature of the offense, Germany's criminal history, and his characteristics.

Germany argues that the district court "overlooked" and failed to address significant mitigating factors; namely, the disparity in sentences between powder cocaine and crack cocaine or the disparity in his sentence with that of other persons convicted of the same offense. But the district court is not required to address each factor under § 3553(a). *Williams*, 425 F.3d at 480. It bears

---

[2] *See* U.S.S.G. § 5G1.1(a).

repeating that Germany's sentence is within a correct Guidelines range; and the record here provides sufficient support to conclude that the district court meaningfully considered the § 3553(a) factors after Germany was given an opportunity to make his argument for probation or a sentence at the bottom of the statutory maximum. The district court was not required to discuss Germany's disparity arguments at length. For the sake of thoroughness, however, we will address Germany's contention that the district court's consideration of those factors was somehow inadequate.

Germany argues that, had the district court accepted one of his alternative Guidelines calculations, his sentence would have been less than the statutory maximum. Germany objected to the Probation Office's Guidelines calculation of 135 to 168 months, arguing three alternative calculations, which together ranged from 12 to 63 months, depending on the amount and type of cocaine— *i.e.*, crack or powder—and whether a 100-to-1 or 18-to-1 powder to crack ratio applied. The district court, over Germany's objection, accepted the Probation Office's calculation, which Germany argues improperly influenced the district court's decision to impose the statutory maximum. Here again, the district court followed proper procedure; the judge heard the evidence presented at trial and ultimately agreed with the recommended Guidelines range, which was based on an offense involving 280 grams of crack. *See Edwards v. United States*, 523 U.S. 511, 513-14 (1998).

We also reject Germany's argument that the district court failed to address the disparity in his sentence

with other defendants' sentences. We have said that sentences within the Guidelines range, like Germany's, "cannot be treated as unreasonable by reference to § 3553(a)(6)." *United States v. Boscarino*, 473 F.3d 634, 638 (7th Cir. 2006). "Sentencing disparities are at their ebb when the Guidelines are followed, for the ranges are themselves designed to treat similar offenders similarly." *Id*.

Finally, we disagree with Germany's assertion that the district court improperly based its sentence on his arrest record, which according to Germany overstates his criminal history. First, the record here does not suggest that the district court relied on Germany's arrest record itself; instead, it indicates that the district court properly considered the underlying conduct. *See United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059 (7th Cir. 2011) (a sentencing judge may not rely on the arrest record itself in deciding a sentence). Second, the conduct considered in the arrest record was supported by sufficiently-detailed information in the presentence report which specified his arrest and conviction in Indiana for selling rock-like cocaine. *See id*. (noting that the court may consider the underlying conduct detailed in arrest records where there is a sufficient factual basis for the court to conclude that the conduct actually occurred).

Germany asks us to now re-balance the § 3553(a) factors and disagree with the district court's determination of that balance. We decline to do this. The record provides sufficient support to conclude that the district

court did not err procedurally or otherwise. We affirm Germany's sentence.

### C. *Anders* Brief

We come at last to the *Anders* brief submitted by the attorney for Watson. The brief argues that there are no non-frivolous grounds for appeal and seeks permission for the attorney to withdraw. Since the *Anders* brief is sufficient on its face, we consider only those issues raised in the brief and the response to the brief. *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Having carefully reviewed all the materials submitted, we would, if it were not for *Dorsey v. United States*, 132 S. Ct. 2321 (2012), agree with the attorney that there are no non-frivolous grounds for appeal as to Watson. But Under *Dorsey*, we must remand this case for sentencing in accord with the FSA. *See id.* Unlike the other cases in this consolidated appeal, there is no evidence that the district court applied the 18-to-1 ratio under the FSA or that the petitioner's sentence would have been the same *had* the district court applied the FSA's 18-to-1 ratio. In Watson's case, the district court stated that it was not bound by the FSA and that the correct Guidelines range was 210 to 262 months, a range based on the 100-to-1 ratio. Even though the district court departed downward to the FSA's sentencing range of 168 to 210 months, that departure was "based on Mr. Watson's character, in general." The FSA range should have been the starting point range, not the end point range based on a downward departure after considering the § 3553(a) factors.

As is our practice, we decline to consider the ineffective assistance of counsel claims on direct appeal since determination of such claims requires evidence that is outside the trial record. *United States v. Brooks*, 125 F.3d 484, 495 (7th Cir. 1997).

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment in all respects as to petitioners Jones and Germany. We REMAND Watson's case for sentencing consistent with this opinion and deny the motion of his attorney to withdraw.