NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 15, 2013
Decided March 18, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-3541

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CR-00008 |
| JOSE HERNANDEZ-AVILA, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

Jose Avila, a Mexican citizen, was removed from the United States in 2003 after serving a sentence in Illinois for unlawful delivery of cocaine. *See* 720 ILCS 570/401(c)(2). He returned, however, in 2010 and was arrested in Wisconsin. Based on a charge dating back to 1993, Avila was convicted in the Kenosha County Circuit Court of unlawful delivery of cocaine, *see* WIS. STAT. § 961.41(1)(cm), and sentenced to five years' imprisonment. In 2012 he was charged in the Eastern District of Wisconsin with unlawful presence in the United States after removal. *See* 8 U.S.C. § 1326(a). Avila pleaded guilty and was sentenced to 36

months' imprisonment (to run concurrent with the remaining 18 months of his state sentence). Avila has filed a notice of appeal, but his appointed lawyer asserts that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Avila has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Avila has told counsel that he does not want his guilty plea set aside, so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–672 (7th Cir. 2002).

Counsel first evaluates whether Avila could argue that the district court erred by disregarding his objection at sentencing to the 16-level increase he received under U.S.S.G. § 2L1.2(b)(1)(A)(i), based on his 2001 conviction for delivery of cocaine. At sentencing counsel argued that the Sentencing Commission promulgated the guideline without adequate deliberation or empirical research. As counsel acknowledges, however, a district court need not comment on stock arguments of this sort. *See United States v. Aguilar-Huerta*, 576 F.3d 365, 367–68 (7th Cir. 2009) (addressing application of U.S.S.G. § 2L1.2(b)(1)(A)(ii)).

Counsel also considers whether Avila could challenge his prison sentence as unreasonable. But as counsel rightly indicates, Avila's 36-month sentence is below the guidelines range (57 to 71 months) and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jones*, 696 F.3d 695, 699 (7th Cir. 2012); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified any ground to rebut this presumption, nor can we. The court evaluated the factors listed in 18 U.S.C. § 3553(a), including Avila's history and characteristics (his addiction to drugs and multiple convictions for drug dealing), as well as the need to deter Avila from reentering the United States (especially considering his prior conviction for unlawful reentry). These considerations, the court appropriately decided, outweighed Avila's request for an even lower sentence to account for family ties being the principal motivation for his return.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.