NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 22, 2013
Decided May 22, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2997

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-270 |
| STYLES G. SECHRIST,<br>*Defendant-Appellant.* | William C. Griesbach,<br>*Judge.* |

**O R D E R**

Styles Sechrist ran from police after a traffic stop and during the foot chase dropped a handgun into a river. A diver recovered the gun, and investigators determined that it was 1 of 48 stolen from a hardware store nine days earlier. Sechrist pleaded guilty to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). The district court accepted the parties' joint recommendation and sentenced him to a below-guidelines term of 60 months in prison. Sechrist has filed a notice of appeal, but appointed counsel asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We notified Sechrist that he could reply to counsel's motion, but he has not responded. *See* CIR. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

At the sentencing hearing, two of Sechrist's former parole agents identified him as

one of two men pictured in the store's surveillance videos stealing the 48 guns. Based on the videos, the parole agents' testimony, and Sechrist's possession of one of the stolen guns, the district judge concluded that he participated in the burglary. Accordingly, the court calculated a total offense level of 23: a base offense level of 14 plus 2 levels for possessing a stolen gun, 4 levels for possessing the gun in connection with another felony (the burglary), and 6 levels for obtaining a total of 48 guns, *see* U.S.S.G. § 2K2.1(a)(6)(A), (b)(1)(C), (b)(4)(A), (b)(6)(B), less 3 levels for acceptance of responsibility, *see id.* § 3E1.1. Sechrist's criminal history garnered 7 points: 2 points for a joyride committed at age 16 that occurred within 5 years of this offense, *see id.* §§ 4A1.1(b), 4A1.2(d)(2)(A), (k)(1); 3 points for a burglary committed at age 17 for which he was sentenced to more than 13 months' imprisonment, *see id.* §§ 4A1.1(b), 4A1.2(d)(1); and 2 points because he committed the crime while on supervision, *see id.* § 4A1.1(d). With a criminal history category of IV, the guidelines imprisonment range was 70 to 87 months.

Counsel first informs us that Sechrist does not want to challenge the validity of his guilty plea and thus appropriately omits discussion about the plea colloquy or Sechrist's decision to plead guilty. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel next considers whether Sechrist could challenge the district court's finding that he participated in the burglary and properly concludes that this potential argument would be frivolous. We would review the finding for clear error and would overturn it only if there is no evidence to support it. *See United States v. Cruz-Rea*, 626 F.3d 929, 938 (7th Cir. 2010); *United States v. Birk*, 453 F.3d 893, 899 (7th Cir. 2006). But as counsel correctly notes, there is ample evidence to support the district court's finding: Two people who knew Sechrist and who were familiar with his distinctive gait identified him in the store's surveillance videos, the district judge watched the videos himself, and Sechrist was caught with one of the stolen guns only nine days after the burglary. Having found that Sechrist was one of the burglars, the court properly accounted for the 48 guns stolen during the burglary by adding 4 levels for the gun having been possessed in connection with another felony, *see* U.S.S.G. § 2K2.1(b)(6)(B), cmt. n.14(b); *United States v. Krumwiede*, 599 F.3d 785, 790–91 (7th Cir. 2010); *United States v. Hill*, 563 F.3d 572, 582 (7th Cir. 2009), and another 6 levels because of the large number of guns, *see* U.S.S.G. § 2K2.1(b)(1)(C), cmt. n.5; *United States v. LePage*, 477 F.3d 485, 490–91 (7th Cir. 2007); *Birk*, 453 F.3d at 899–900.

Counsel finally evaluates whether Sechrist could challenge his below-guidelines prison sentence as unreasonable and concludes that this potential claim would be frivolous. We agree. The defendant agreed that, if the district court found the imprisonment range to be 70 to 87 months (which it did), then the defendant would recommend a sentence of 60

months (which he did). The district court considered Sechrist's extensive criminal history and noted that a higher sentence would be appropriate but nonetheless imposed a 5-year term because of the parties' plea agreement. In light of the defendant and government's joint recommendation, there is nothing to rebut the presumption that this term is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jones*, 696 F.3d 695, 699 (7th Cir. 2012); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.