NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2013
Decided June 7, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2748

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 818-1 |
| CALVIN LESURE, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Calvin Lesure pleaded guilty to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and possession of a firearm by a felon, *id.* § 922(g)(1). The district court sentenced him to a total of 132 months' imprisonment. Lesure filed a notice of appeal, but his newly appointed attorney contends that any argument on appeal would be frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Lesure to comment on counsel's motion, but he has not done so. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises that Lesure does not seek to withdraw his guilty pleas, so he correctly refrains from discussing the voluntariness of the pleas or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Lesure could challenge the district court's calculation of his guidelines range. Lesure had prior convictions for aggravated robbery, a crime of violence, *see* U.S.S.G. § 4B1.2(a)(1) & cmt. n.1, and manufacture or delivery of crack cocaine, a controlled substance offense, *see id.* § 4B1.2(b). The district court correctly concluded that these two convictions make Lesure, because of his current drug conviction, a career offender. *See id.* § 4B1.1(a). And because Lesure also faced sentencing for violating 18 U.S.C. § 924(c), the court properly referred to the table in U.S.S.G. § 4B1.1(c)(3) to calculate a guidelines imprisonment range of 262 to 327 months.

We also agree with counsel that any challenge relating to the district court's consideration of Lesure's physical impairments would be frivolous. At sentencing Lesure's attorney argued that, because of Lesure's paraplegia, the court should impose only the five-year statutory minimum on the § 924(c) count plus one additional day for his other crimes. Counsel contended that Lesure faces a significantly reduced life expectancy as a paraplegic and raised questions about the adequacy of the medical care he would receive in federal prison. The court responded that Lesure's "medical condition is a significant factor here and warrants a deviation from the Guideline range" but disagreed with Lesure's assertion that he would not receive adequate medical care in prison. The court then imposed a sentence approximately 50 percent below the bottom of the guidelines range. Because the court considered Lesure's arguments relating to his paraplegia, and in fact imposed a significantly below-guidelines sentence in response, any appellate argument along these lines would be frivolous. *See United States v. Sandoval*, 668 F.3d 865, 872–73 (7th Cir. 2011).

Counsel also examines whether Lesure could argue that the district court lengthened his prison sentence to foster his rehabilitation, thus violating 18 U.S.C. § 3582(a) as interpreted in *Tapia v. United States*, 131 S. Ct. 2382, 2385 (2011). One of the prosecutor's arguments for a 150-month sentence was that "a lengthy sentence" would give Lesure "an opportunity to pursue educational and vocational training . . . and also provide ample time for drug treatment." The district court, before announcing the sentence, identified several factors influencing its decision, including the seriousness of Lesure's crimes, his lengthy criminal history, and his debilitating medical condition. The sentence would adequately punish Lesure, the court said, and also protect the public and promote respect for the law. In addition, the court offered Lesure this assessment of his sentence: "I agree with [the prosecutor]. It will give you time while you are incarcerated to take advantage of educational and vocational opportunities." We, like counsel, conclude that this isolated

comment made after discussing sentencing factors appropriate under 18 U.S.C. § 3553(a), was not an instance where the district court was referencing Lesure's opportunity for rehabilitation as a justification for a longer sentence. *See United States v. Lucas*, 670 F.3d 784, 794–95 (7th Cir. 2012)*; United States v. Receskey*, 699 F.3d 807, 812 (5th Cir. 2012); *United States v. Gilliard*, 671 F.3d 255, 257–60 (2d Cir. 2012).  As the Supreme Court said in *Tapia,* a district court does not err "by discussing the opportunities for rehabilitation within prison" and "properly may address a person who is about to begin a prison term about these important matters." 131 S. Ct. at 2392. Because the district court did no more than what *Tapia* permits, we agree with counsel that an appeal based on *Tapia* and § 3582(a) would be frivolous.

Finally, counsel considers whether he could challenge the reasonableness of Lesure's sentence of 132 months' imprisonment—about half of the bottom of the guidelines range—but correctly concludes that any such argument would be frivolous. A sentence below the guidelines range is presumed reasonable, *United States v. Jones*, 696 F.3d 695, 699 (7th Cir. 2012), and counsel has not identified any reason to set aside that presumption. The district court considered Lesure's arguments in mitigation and his medical condition, but also took account of Lesure's extensive criminal history, the seriousness of his drug and firearms offenses, and the need for deterrence.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.