**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2015
Decided October 20, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1898

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:14-cr-30155-DRH-1 |
| | |
| CLEVIS C. HOLMES, | David R. Herndon, |
| *Defendant-Appellant*. | *Judge.* |

**O R D E R**

Federal agents sent an informant to buy drugs from Clevis Holmes on three occasions in March and April 2014. Holmes pleaded guilty to one count each of distributing powder cocaine, crack cocaine, and heroin and was sentenced as a career offender, *see* U.S.S.G. § 4B1.1, to a total of 188 months' imprisonment. He filed a notice of appeal, but his appointed lawyer, who also represented Holmes in the district court, asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Holmes opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that counsel discusses, plus the additional issues that Holmes, disagreeing with counsel, believes have merit.

*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that Holmes does not want his guilty pleas set aside, and thus the lawyer appropriately forgoes discussing the voluntariness of the pleas or the adequacy of Holmes's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel then considers whether Holmes could challenge his designation as a career offender based on two prior convictions for a felony controlled substance offense. S*ee* U.S.S.G. §§ 4B1.1(a) & cmt. n.1, 4B1.2(b). Holmes had been convicted in Illinois in 2003 and 2007 for delivery of a controlled substance, the first of these offenses occurring within 1,000 feet of a housing project. *See* 720 ILCS 570/401, 407. These are adult convictions for crimes punishable by imprisonment for at least a year, *see* U.S.S.G. § 4B1.2(c) & cmt. n.1 (defining "prior felony conviction"), and so the two state convictions for distributing drugs are sufficient to make Holmes a career offender. *See United States v. Jackson*, 103 F.3d 561, 570–71 (7th Cir. 1996).

As for the choice of 188 months as the appropriate prison sentence, counsel first questions whether Holmes could argue that the district court should have commented on his assertion, made only in his sentencing memorandum, that the career offender guideline was developed without empirical research and thus yielded an excessive imprisonment range. Counsel adds that the court acknowledged being lenient with other career offenders but was not with Holmes. Yet several times at sentencing the district judge acknowledged both the advisory nature of the guidelines and his discretion to reject a guidelines sentence because of a policy disagreement with the Sentencing Commission. *See United States v. Annoreno*, 713 F.3d 352, 359 (7th Cir. 2013); *United States v. Corner* 598 F.3d 411, 416 (7th Cir. 2010) (en banc). The judge concluded, however, that Holmes had earned the "career offender" label based on his criminal history. And while a judge is free to reject a guideline as lacking a basis in data, experience, or expertise, a judge is not *required* to delve into the history of a guideline in order to satisfy himself that the process that produced it was adequate. *See United States v. Garthus*, 652 F.3d 715, 721; *United States v. Aguilar-Huerta*, 576 F.3d 365, 367–68 (7th Cir. 2009). At all events, any appellate claim about Holmes's arguments in mitigation would be frivolous because the district judge asked if those arguments had been addressed to the defendant's satisfaction, and his lawyer said yes. *See United States v. Modjewski*, 783 F.3d 645, 654–55 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 568–69 (7th Cir. 2013).

Counsel also considers arguing that 188 months is substantively unreasonable but correctly concludes that a challenge to the length of Holmes's prison term would be frivolous. The sentence imposed is at the low end of the range, and within-guidelines prison sentences are presumed reasonable on appellate review. *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011); *Rita v. United States*, 551 U.S. 338, 347 (2007). Counsel acknowledges that the district court weighed the sentencing factors in 18 U.S.C. § 3553(a), in particular Holmes's lengthy and serious criminal history. Counsel has not identified any reason to question the presumption of reasonableness, nor have we. Holmes, though, argues in his Rule 51(b) response that the district court improperly considered the probation officer's account of the conduct underlying several of his prior convictions and that the court "demonstrated bias" by noting that the offense of conviction did not reflect the severity of Holmes's violent behavior on those occasions. But § 3553(a) empowers the sentencing court to consider a defendant's character and prior conduct when determining the threat that defendant poses to public safety and risk of recidivism, including behavior that never resulted in conviction or even formal criminal charges. *See United States v. Drain*, 740 F.3d 426, 432 (7th Cir. 2014); *United States v. Jones*, 696 F.3d 695, 701–02 (7th Cir. 2012); *United States v. Sonnenberg*, 628 F.3d 361, 368 (7th Cir. 2010).

Counsel next rejects as frivolous any potential challenge to several special conditions of supervised release. We agree. Holmes had four weeks' notice of these conditions because they were proposed in the presentence report, and each was pronounced by the district judge in open court. *See United States v. Kappes*, 782 F.3d 828, 838–39 (7th Cir. 2015). Holmes did not object when the probation officer proposed the special conditions, and those conditions—participating in drug testing and treatment, obtaining employment or enrolling in educational programs, and submitting to reasonable searches of his person and property—are appropriately tailored to the offenses of conviction and the pattern of behavior that, the judge explained, had led Holmes to a life of crime. *See id.* at 847–48.

Finally, in his Rule 51(b) response, Holmes suggests that his lawyer's performance was deficient because, in Holmes's view, counsel did not alert the district court to all mitigating factors. Any claim of ineffective assistance, however, is best reserved for collateral review where the record can be better developed. *See United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005); *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). That is especially so when a defendant is represented on appeal by the

lawyer whose performance is challenged as inadequate. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.