In the

# United States Court of Appeals

## For the Seventh Circuit

---

Nos. 16-3346 & 16-3905

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BRADLEY D. DEARBORN,

*Defendant-Appellant.*

---

Appeals from the United States District Court for the
Central District of Illinois.
No. 12-CR-10017-001 — **Michael M. Mihm**, *Judge.*

---

ARGUED JUNE 7, 2017 — DECIDED OCTOBER 12, 2017

---

Before RIPPLE, ROVNER, AND HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Bradley Dearborn pled guilty to distributing crack cocaine. In an earlier appeal, we remanded for correction of certain conditions of supervised release. *United States v. Dearborn*, No. 14-3032 (7th Cir. Feb. 24, 2015). Now, in Appeal No. 16-3346, Dearborn argues that during resentencing the court should have reconsidered its earlier denial of a motion to suppress evidence. We conclude that Dearborn waived that argument, however, so we affirm the district

court's new sentence. Appeal No. 16-3905, which Dearborn briefed pro se, concerns the denial of several motions for an immediate transfer to a federal prison from the county jail where Dearborn was housed temporarily after resentencing. Because Dearborn has since been transferred to a federal prison, we dismiss the pro se appeal as moot.

In 2011 agents with the Macomb Police Department began investigating whether Dearborn and an associate, Darvey Cochran, sold crack cocaine together. After conducting two controlled buys from Dearborn and six controlled buys from Cochran, the agents obtained warrants from a state court to search two residences Cochran rented. The agents arrested Dearborn at one of the residences, where they also seized 60 grams of crack cocaine and $360 in marked bills that had been used for the controlled buys. Dearborn admitted during a post-arrest interview that he had recently travelled to Chicago to buy about $1,800 worth of crack cocaine, a portion of which he had already resold in the Macomb area. A federal grand jury later indicted Dearborn with conspiracy to distribute crack cocaine, possession with intent to distribute, and two counts of distribution. 21 U.S.C. §§ 841(a)(1) & 846.

Dearborn moved to suppress the evidence obtained during the search, arguing that, in describing the investigation in the search warrant application, Officer Lindsey May had omitted relevant details about the reliability of the two informants used in the controlled buys. Dearborn faulted Officer May for not telling the judge who issued the warrant that (1) one of the controlled buys might have occurred one day later than specified in the search warrant application, (2) the police might have used an unduly suggestive procedure in

obtaining an identification of Dearborn from one of the informants, (3) the informants had criminal histories and received compensation for helping the police, and (4) certain audio and video recordings referred to in the application were of poor quality. Dearborn requested a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether the omissions were reckless or intentional. The district court denied that request, finding that the supposed omissions were too insubstantial to have affected the state court's finding of probable cause.

Dearborn pled guilty to the two distribution counts with no agreement other than the government's oral assurance that it would move to dismiss the remaining two counts. Before sentencing, however, the parties agreed that Dearborn would reserve his right to appeal the denial of his motion to suppress. The district court then sentenced Dearborn to 172 months in prison and six years of supervised release.

In his initial appeal, however, Dearborn did not challenge the denial of his motion to suppress. Instead, he argued only that the district court erred by imposing sixteen conditions of supervised release without explaining them. The government agreed and moved this court to remand for resentencing in light of *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). This court granted the motion. *United States v. Dearborn*, No. 14-3032 (7th Cir. Feb. 24, 2015).

Back in the district court, Dearborn filed a rather expansive if not confusing sentencing memorandum. It included a disclaimer saying that the arguments were being presented at Dearborn's request, contrary to his counsel's advice. And, in fact, most of those arguments seemed to be irrelevant to the

issues before the district court on remand. For example, Dearborn argued for the first time that the government obtained his indictment by submitting misleading testimony to the grand jury. Dearborn also alluded to Officer May's supposed failure to mention relevant facts to the state judge who issued the search warrant. Dearborn added, without elaboration, that Officer May recently had been found by a state court in an unrelated case to have "made up probable cause in order to secure an arrest." Dearborn offered to submit a copy of the transcript in that case if "necessary" but did not attach it to his memorandum. Dearborn's insistence on including these arguments in his sentencing memorandum is especially puzzling since he did not ask to withdraw his guilty plea. He requested only that the court conduct a full re-sentencing and consider a below-guideline sentence.

The district court concluded that these arguments "could have been raised earlier" and were irrelevant to the re-sentencing proceedings. The court ultimately imposed another 172-month prison sentence.

Within days of his resentencing hearing, Dearborn fought with another prisoner at the Fulton County Jail. He was soon charged with attempted murder, aggravated battery, and mob action. After a state judge issued a writ commanding the Marshals Service and the Bureau of Prisons to produce Dearborn for a preliminary hearing, Dearborn asked the federal court to order his immediate transfer to the Federal Correctional Institution in Greenville, Illinois. Dearborn argued that his continued detention at the Fulton County Jail violated his right to due process and the Interstate Agreement on Detainers, 18 U.S.C. App. 2.

The district court denied Dearborn's motions, reasoning that 18 U.S.C. § 3623 expressly authorized the Bureau of Prisons to detain Dearborn at a state correctional facility pending resolution of the state charges.

After the resentencing proceedings, Dearborn's attorney filed a notice of appeal on his behalf, and Dearborn separately appealed pro se from the denial of his motions under the Interstate Agreement on Detainers. The two appeals were docketed and briefed separately until the government moved for leave to file a single response to both appeals. We granted the motion and consolidated the two appeals.

In No. 16-3346 Dearborn argues that the district court erred by denying what he calls a motion to reconsider its previous decision—rendered before he pled guilty—to deny his request for a *Franks* hearing. As Dearborn sees it, he presented "more than enough" new evidence to warrant a *Franks* hearing when he "informed the court multiple times" that Officer May was found "to be not credible in an unrelated 2015 case."

Dearborn's argument is based on a mistaken premise. In the re-sentencing, he did not clearly ask the district court to "reopen [the] pre-*Franks*/motion to suppress hearing." He merely complained about Officer May's credibility. Issues that could have been raised during an earlier appeal but were not generally are waived on remand. See *United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014). It is true that "a *Thompson* remand [based on conditions of supervised release] gives the district court the power to hear new evidence or arguments (or reconsider the same evidence and arguments) as it fashions the new sentence." *United States v. Mobley*, 833 F.3d 797,

802 (7th Cir. 2016). Yet Dearborn does not explain how the district court's choice of sentence could have been affected by its decision whether probable cause supported the search warrant. He seems to assume—without saying so directly—that the district court would have allowed him to withdraw his guilty plea belatedly if it had accepted the arguments he raises on appeal. But the question of Dearborn's guilt is far outside the scope of this court's mandate. See *United States v. Barnes*, 660 F.3d 1000, 1007 (7th Cir. 2011) ("[W]hen a case is generally remanded to the district court for re-sentencing, the district court may entertain new arguments as necessary *to effectuate its sentencing intent*.") (emphasis added).

There is no reason to depart from the general rule here. Dearborn has not shown that extraordinary circumstances required the district court to reconsider its earlier denial of a *Franks* hearing. See *United States v. Buckley*, 251 F.3d 668, 669 (7th Cir. 2001). A defendant seeking such a hearing must first make a "substantial preliminary showing" that "(1) the warrant affidavit contained false statements, (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause." *United States v. Mullins*, 803 F.3d 858, 861–62 (7th Cir. 2015). But Dearborn did not provide the district court with the transcripts of the 2015 case. His representation that Officer May was found in that case to have "made up probable cause in order to secure an arrest" is not evidence. See *United States v. Chapman*, 694 F.3d 908, 914 (7th Cir. 2012). And even if, as Dearborn asserts, a state judge found Officer May not credible years after the search at issue in this case, that fact would have no bearing on whether Officer May intentionally misled the judge who issued the search warrant at issue here. Dearborn admitted when he

pled guilty that he sold the confidential informants drugs on two occasions, so his own sworn testimony confirms that the controlled buys Officer May described in the search warrant application did in fact occur.

In his pro se appeal, Dearborn asserts that his continued detention at the Fulton County Jail after his federal resentencing violated his right to due process and the Interstate Agreement on Detainers, 18 U.S.C. App. 2. But Dearborn's later transfer to the Federal Correctional Institution in Greenville, Illinois, has made that objection moot.

In Appeal No. 16-3346 the judgment is AFFIRMED, and Appeal No. 16-3905 is DISMISSED.