**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020
Decided January 8, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1502

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-CR-73-JPS |
| CLIFFTON HARRIS, *Defendant-Appellant.* | J. P. Stadtmueller, *Judge.* |

**O R D E R**

This case is on appeal for a second time. Cliffton Harris pleaded guilty to two counts of carjacking, 18 U.S.C. §§ 211(1) & (2), and one count of brandishing a firearm during a crime of violence. §§ 924(c)(1)(A)(ii) & (iii). The district court sentenced him to 112 months' imprisonment—28 months for the carjacking charges, followed by a mandatory consecutive 84-month term for the firearm charge. *See* § 924(c). In his first appeal, Harris challenged only his sentence, which we vacated in light of *Dean v. United States*, 137 S. Ct. 1170 (2018). On remand, the district court explained the reasoning behind its original sentence, reweighed the § 3553(a) sentencing factors, and imposed an identical sentence. Harris appealed again.

Harris's counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough and Harris has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Harris could challenge his conviction. She does not directly say whether Harris wishes to challenge his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But counsel correctly determines that a challenge to the plea at this stage would be futile because only resentencing was within the scope of the mandate. *See United States v. Dearborn*, 873 F.3d 570, 573 (7th Cir. 2017). Harris waived any issues surrounding his guilt by not raising them in his first appeal. *See United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014).

Counsel also considers whether Harris could challenge the application of the sentencing guidelines but properly rejects any such challenge as fruitless. First, the district court properly calculated Harris's guidelines range and, in any event, Harris waived this challenge by not raising it in his first appeal. *See Dearborn*, 873 F.3d at 573. Counsel then discusses possible challenges to Harris's supervised release conditions but, because Harris objected to them neither at the original proceeding nor on remand, properly concludes that any such challenge would be frivolous. *See United States v. Flores*, 929 F. 3d 443, 450 (7th Cir. 2019).

Counsel next appropriately concludes that it would be frivolous for Harris to challenge the substantive reasonableness of his sentence, which is 42 months below the low end of the correctly calculated guidelines range of 70 to 87 months on each of the carjacking convictions. Where, as here, the sentence falls below the guidelines range, we presume that it is reasonable. *See Rita v. United States*, 551 U.S. 338, 347–56 (2007); *United States v. Chagoya-Morales*, 859 F.3d 411, 424 (7th Cir. 2017). Counsel cannot identify any grounds for overcoming that presumption, nor can we. *See United States v. Melendez*, 819 F.3d 1006, 1014 (7th Cir. 2016). At resentencing, the district court properly considered each relevant 18 U.S.C § 3553(a) sentencing factor, specifically discussing Harris's personal background (emphasizing his youth, remorse, and family ties but weighing them against his lack of engagement in programming for substance abuse and mental health issues), his criminal history (noting that he already had an extensive record at a young age and committed the current offense only two months after he had

gotten out of jail for a probation revocation), the circumstances of the offense (discussing the trauma caused to the three victims by carjacking at gunpoint), and the need to protect the public and adequately deter future criminal conduct (concluding that a substantial prison sentence was necessary to deter further carjacking in the community).

Finally, counsel considers arguing that Harris received inadequate representation in the district court but appropriately concludes that this claim would be better saved for collateral review. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012).

We GRANT counsel's motion to withdraw and DISMISS the appeal.