In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3818

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DONALD W. SIMMS, II,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08 CR 86—**Charles N. Clevert, Jr.**, *Judge*.

SUBMITTED JUNE 18, 2013—DECIDED JULY 3, 2013

Before EASTERBROOK, *Chief Judge*, and POSNER and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*.  This appeal is successive to an appeal that we decided two years ago, in *United States v. Simms, II*, 626 F.3d 966 (7th Cir. 2010). The defendant had pleaded guilty to gun and drug offenses and been sentenced to a total of 270 months in prison—240 months for those offenses (of which 180 months was the mandatory minimum sentence for the gun offense because in

combination with his three previous "serious drug offense[s]" it made him an armed career criminal, 18 U.S.C. § 924(e)(1))—plus 30 months for having violated the terms of supervised release that had been imposed for a previous drug offense. His appeal raised both Fourth Amendment and sentencing issues. Our decision affirmed the conviction but vacated the sentence and remanded for resentencing. We said that the judge had erred "in two minor respects. There may be no need for another sentencing hearing." 626 F.3d at 971.

His first error had been to make the sentence of 30 months that he was imposing for the defendant's violation of the terms of supervised release run consecutively to the sentences that he was imposing for the new crimes that the defendant had been convicted of, the crimes for which the judge was imposing a total sentence of 240 months. The judge reasoned that if the defendant succeeded on appeal in overturning his gun or drug sentence, his aggregate punishment might be insufficient given the gravity of his crimes. But this meant that if those sentences were affirmed on appeal, the defendant would end up with a heavier overall sentence (270 months) than the judge intended to impose. For all that he had intended by making the sentence for violation of the terms of supervised release consecutive was to ensure that the defendant not serve fewer than 240 months in total.

The judge's second error wasn't an error in the sentence imposed but rather a clerical error that created confusion over whether that was the sentence he

actually intended. He had begun with the mandatory minimum sentence for the gun offense—180 months—and had then added 60 months because otherwise the defendant would be punished only for the gun offense, the source of the 180 months. He explained that "additional time [beyond 180 months] was necessary . . . in light of the defendant's long career as a criminal starting from the time he was very youthful. So that is why I made the other counts consecutive to count two." The result was a total sentence of 240 months (180 + 60) apart from the judge's mistaken imposition of a consecutive sentence for violation of the terms of supervised release.

The 240-month sentence exceeded by five months the top of the applicable guidelines range of 188 to 235 months, and we were unsure whether the judge knew he was sentencing above the range. For in the "Statement of Reasons" for the sentence, required by 18 U.S.C. § 3553(c), he had checked both the box that said "the court imposes a sentence outside the advisory sentencing guideline system" and the box that said "the sentence imposed is . . . below the advisory guideline range"—which of course it was not. We thought that the second checkmark probably had been an error. Yet out of an abundance of caution we decided—wisely as it has turned out—to order a limited remand to enable the judge to advise us whether he wanted to resentence the defendant within or outside the range. See *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005).

But we rejected the defendant's argument that the judge had given excessive weight to the defendant's

criminal history, which was extensive; and while it also figured in the calculation of the guidelines range, a judge is permitted to give more weight to criminal history than the guidelines do—this is implicit in the guidelines' demotion by the *Booker* decision to merely advisory status. *United States v. Aljabari*, 626 F.3d 940, 951 (7th Cir. 2010); *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Nor did we agree with the defendant that the judge had ignored the sentencing factors in 18 U.S.C. § 3553(a). We concluded by saying that "the sentences must be corrected to make the sentence for violation of supervised release run concurrently with the other sentences; and the judge is to inform us whether he wants to resentence the defendant to a sentence within the applicable guidelines range. In all other respects the judgment is AFFIRMED." 626 F.3d at 973.

The judge responded that he hadn't wanted to sentence the defendant outside the guidelines range, so we ordered the case remanded for resentencing. On remand the judge held a hearing at the conclusion of which he sentenced the defendant to 230 months—a sentence the length of which was based solely on the gun and drug offenses since we had ordered the prison sentence for the violation of the terms of supervised release to run concurrently with the rest of the defendant's sentence. The overall sentence thus was five months short of the top of the guidelines range. The judge explained that he was reducing the sentence from 240 months (his previous sentence minus the consecutive sentence of 30 months for violation of super-

vised release) to 230 rather than 235 months (the latter being the top of the applicable guidelines range) because at the hearing on remand he had learned for the first time of the defendant's cooperation with law enforcement, which he thought merited a modest sentencing discount.

The judge's new sentence was in conformity with our order remanding for resentencing. So clear is this that there would be nothing more for us to say except "affirmed" were it not for the defendant's insistence that a remand for resentencing always requires the district judge to resentence "from scratch," that is to say, as if the new sentence were to be the first sentence.

We should distinguish among three types of remand, two limited and a general one. In the more limited of the two types of limited remand the appellate court seeks a ruling or advice from the trial court and pending its receipt of that ruling or advice retains jurisdiction over the appeal. E.g., *United States v. Taylor*, 509 F.3d 839, 845-46 (7th Cir. 2007); *United States v. Alburay*, 415 F.3d 782, 786 (7th Cir. 2005); *United States v. Paladino*, *supra*, 401 F.3d at 483-84. In a second type of limited remand the appellate court returns the case to the trial court but with instructions to make a ruling or other determination on a specific issue or issues and do nothing else. See *United States v. Polland*, 56 F.3d 776, 778 (7th Cir. 1995), and cases cited there. Finally, in a general remand the appellate court returns the case to the trial court for further proceedings consistent with the appellate court's decision, but consistency with that decision is the only

limitation imposed by the appellate court. The general remand is the most common form of remand.

Our order of remand in this case was limited in form but general in substance. We remanded to allow the district judge to sentence the defendant within the guidelines range, as we learned the judge had intended to do. All he had to do was make the sentence for violation of the terms of supervised release concurrent and reduce the 240-month sentence for the gun and drug offenses by at least five months. He didn't have to conduct a new sentencing hearing and listen to new arguments. At the same time, however, we did not tell him *not* to conduct such a hearing, and consequently the remand was general, as in *United States v. Young*, 66 F.3d 830, 835-36 (7th Cir. 1995), where we said that "our order in no way constrained the scope of the issues the district court could consider on resentencing; rather, it simply directed the district court to adhere to our command that its quantity calculation reflect the amount of marijuana, by weight, for which Mr. Young was accountable." The district judge in our case conducted a hearing and as a result decided to reduce the defendant's sentence by ten months rather than five.

The defendant's lawyer refuses to recognize the propriety of a trial judge's being given latitude by the appellate court with regard to the scope of resentencing. He argues that a resentencing must *always* be, in his terminology, "from scratch." What is true is that vacating a part of a sentence may justify or even require a new sentencing hearing rather than just subtraction of the

vacated sentence from the defendant's overall sentence. Suppose for example that a defendant's overall sentence had been 40 years, consisting of two consecutive sentences each of 20 years; the defendant was 30 years old when sentenced; and the judge decided that 40 years was a long enough sentence for this defendant because he'd be harmless by the time he was 70. Cf. 18 U.S.C. § 3553(a)(2)(C); *United States v. Johnson*, 685 F.3d 660, 661-62 (7th Cir. 2012); *United States v. Bullion*, 466 F.3d 574, 576-77 (7th Cir. 2006). Suppose that 20 of those 40 years of the overall sentence were attributable to the sentence that the appellate court had ordered vacated. The judge might decide that a 20-year sentence—all that would remain if he simply subtracted the vacated sentence—was too short, because released at age 50 the defendant would still be dangerous. Assuming that the maximum term of the sentence that had not been vacated exceeded 20 years, the judge would be justified in increasing that sentence.

This case isn't like that. Remember that the 30-month sentence for violation of supervised release, the sentence we ordered vacated, had not been intended by the judge to extend the defendant's overall sentence beyond 240 months, but merely to maintain that sentence (if possible) in the event that other parts of the overall sentence fell out. As far as the 240-month sentence was concerned, we did not vacate any part of it; we just wanted to make sure that the judge had intended to give it, which was unclear because of his checking both boxes on the "Statement of Reasons" form. He could just have said in response to our inquiry "I meant to

go above the top of the guidelines range," and then the 240-month sentence would have stood. Or he could just have said "I mean to stay within the range," and cut the sentence to 235 months. In neither case would a further sentencing hearing have been required, or indeed have served any purpose. Instead the judge conducted a brief hearing that led him to give the defendant a slight additional break. This procedure and the sentence that resulted were entirely consistent with our order of remand.

AFFIRMED.