In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1347

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KALIPH P. WHITLOW,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:10-CR-20050-MPM-DGB-1 — **Michael P. McCuskey**, *Judge.*

ARGUED OCTOBER 31, 2013 — DECIDED JANUARY 21, 2014

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* In 2011, Kaliph Whitlow pled guilty
to two counts of distribution of five or more grams of cocaine
base, in violation of 21 U.S.C. § 841(a)(1), crimes he committed
before the August 3, 2010 effective date of the Fair Sentencing
Act of 2010. *See* Pub. L. 111–220, 124 Stat. 2372 (2010) (hereafter
the "Fair Sentencing Act" or the "Act"). In October 2011, the
district court sentenced him to 262 months' imprisonment,

rejecting his request that he be sentenced under the Act. After the Supreme Court issued its opinion in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), we vacated Whitlow's sentence and remanded the case for resentencing in accordance with *Dorsey* and the Act. R. 16. The district court subsequently sentenced Whitlow to a term of 170 months' imprisonment, and Whitlow now appeals his new sentence. The government concedes that the district court may have misapprehended its sentencing discretion in one respect. We vacate Whitlow's sentence and remand for the limited purpose of giving the district court an opportunity to exercise its discretion on one final issue.

## I.

On June 9, 2010, Whitlow was charged with two counts of possession with intent to distribute five grams or more of crack cocaine. The government subsequently filed a notice that it intended to seek enhanced penalties based on a number of prior felony convictions. *See* 21 U.S.C. § 851. Whitlow pled guilty in April 2011, and the court conducted a sentencing hearing in October of that year. Although Whitlow requested that the court sentence him under the more lenient standards set forth in the Fair Sentencing Act of 2010, the court followed then-current circuit law and declined to apply the Act. Instead, the court calculated the guidelines range for Whitlow as 262 to 327 months' imprisonment. After considering the section 3553(a) factors and Whitlow's arguments in mitigation, the court sentenced Whitlow to 262 months in prison, to be followed by an eight-year term of supervised release.

Whitlow filed a timely notice of appeal. Shortly thereafter, the Supreme Court granted *certiorari* in *Dorsey*, a case that

would decide whether courts should apply the Act to cases like Whitlow's, where the crime was committed prior to the effective date of the Act but the sentencing occurred after the effective date. In light of this development, Whitlow moved in this court for leave to file a statement of position in lieu of an opening brief. R. 9. In that motion, Whitlow stated that he "will raise only one issue on appeal: Whether the Fair Sentencing Act applies to individuals who were sentenced after its enactment?" R. 9, at 2. We granted leave for Whitlow to file his "Statement of Position" ("Statement") in lieu of an opening brief and allowed the government to respond to the Statement. R. 10. In the Statement, Whitlow reiterated that he "had only one nonfrivolous issue to raise on appeal: Whether the Fair Sentencing Act applies to individuals who were sentenced after its enactment?" R. 11, at 3. Acknowledging that circuit law was settled against this position, Whitlow nonetheless sought to preserve the argument for review in the Supreme Court in light of the grant of *certiorari* in *Dorsey*. Whitlow raised no other objections to his conviction or sentence and suggested that the court hold the appeal in abeyance pending the outcome of *Dorsey*. The government agreed that then-current circuit law foreclosed Whitlow's sole issue on appeal and asked this court to hold consideration of the appeal until the Supreme Court ruled in *Dorsey*. R. 13. We then suspended proceedings in the appeal pending the outcome of *Dorsey* and a related case. R. 14.

After the Supreme Court ruled in *Dorsey*, Whitlow and the government filed a "Joint Statement of Position in Light of the Supreme Court's Holding in *Dorsey*." R. 15 (hereafter "Joint Statement"). In the Joint Statement, the parties agreed that,

under *Dorsey*, the district court procedurally erred at Whitlow's sentencing by not applying the Act, and that the error was not harmless. In particular, the parties asserted that the sentence was above the low end of the correct guidelines range and the court had not indicated that it would impose the same sentence if the Act applied. The court had also commented that, "It would deprecate the seriousness of your criminal history to vary from the career offender advisory guidelines." Joint Statement, at 4 (quoting R. 38, Tr. at 33). The parties asked that we "vacate the defendant's sentence and remand this case for resentencing." Joint Statement, at 1. We then ordered that Whitlow's "sentence is vacated and the case is remanded for resentencing in accordance with *Dorsey* and the Fair Sentencing Act." R. 16.

On remand, the probation office re-calculated Whitlow's sentencing guidelines range under the Act, and issued an addendum to the Presentence Investigation Report ("PSR"). The new advisory guidelines range was 188 to 235 months of imprisonment, and the PSR continued to assert that Whitlow qualified to be sentenced as a career offender. Neither party objected to the new PSR, but Whitlow filed a Sentencing Memorandum, seeking a sentence of 144 months' imprisonment and raising four arguments in support of a below-guidelines sentence. In particular, Whitlow argued that (1) a twelve-year term would be twice as long as any prior sentence Whitlow had received in state court, representing a more appropriate incremental punishment than a guidelines-range sentence; (2) the career offender guideline is defective because it is not based on empirical studies, lacks a general deterrent effect on street-level drug dealers such as Whitlow, and has a

disproportionate adverse effect on impoverished minorities; (3) a twelve-year sentence would account for Whitlow's post-sentencing rehabilitation efforts, including obtaining a GED certificate and working steadily in prison; and (4) some discount to his sentence was necessary to correct a calculation by the Bureau of Prisons ("BOP") that resulted in a failure to credit Whitlow for approximately eight months in federal custody while he was serving time on a state sentence for a crime that could be considered relevant conduct to the offense of conviction here.

At the 2013 sentencing hearing, the government asked the court to impose a sentence "that's basically consistent with the prior recommendation and the prior sentence." R. 54, Tr. at 6. The government asserted that Whitlow "should be sentenced as a career offender as the Court did the first time around." *Id*. The government noted that this was Whitlow's eighth felony drug conviction and that he also had a robbery conviction on his record, justifying a career offender sentence. In response to the court's question regarding Whitlow's argument that the BOP failed to credit Whitlow with time served in pretrial custody, the government contended that it was up to the BOP to fix any error in connection with the pretrial custody period, and that Whitlow could pursue administrative remedies to fix any error. The government opposed any action by the district court to credit Whitlow for that time. At no time did the government alert the district court that Whitlow's arguments in mitigation were improper because he had not preserved them in the 2011 sentencing or in the appeal of that sentencing or that they were beyond the scope of our remand.

Whitlow's counsel argued for adjustments based on the factors raised in his Sentencing Memorandum, including the BOP's error, the need for incremental punishment, the inappropriateness of applying the career offender guideline to a defendant like Whitlow, and Whitlow's post-sentencing efforts at rehabilitation. As we will discuss below, the court expressly declined to address the BOP's error, commented indirectly on incremental sentencing and career offender status, and expressly granted an eighteen month reduction from the bottom of the guidelines range for exceptional efforts at rehabilitation. The court sentenced Whitlow to 170 months' imprisonment, to be followed by six years of supervised release. Whitlow appeals.

## II.

On appeal, Whitlow contends that the district court committed procedural error when it failed to exercise its discretion to adjust the sentence downward to account for the time that Whitlow spent in pretrial custody after the BOP declined to credit him for that time. Whitlow also maintains that the court erred when it failed to consider his two principal arguments in mitigation, namely, his attack on the career offender guideline and his contention that an incremental sentence was more appropriate than a full guidelines sentence. The government counters that Whitlow's mitigation arguments were not properly before the district court because he failed to present them at either his initial sentencing or during the first appeal, and that they were beyond the scope of our remand. The government also attacks Whitlow's arguments in mitigation on the merits, except that the government concedes that the court erred in failing to apprehend its discretion to fix the

error committed by the BOP. The government therefore requests that, if we decide to reach the issue related to the BOP's calculation of credit for time served, we order a limited remand for the district court to clarify whether it understood its discretion to adjust for this error.

## A.

Before the first sentencing hearing in 2011, Whitlow raised no objections to the PSR and argued only that he should be sentenced under the Fair Sentencing Act. At the 2011 sentencing hearing, the district court *sua sponte* noted its discretion under *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), to disagree with any guidelines provision on policy grounds, including the career offender guideline. R. 38, Tr. at 12. At the 2011 sentencing, the government encouraged the court to apply the career offender guideline based on Whitlow's extensive criminal history. Whitlow's counsel countered that Whitlow's criminal history appeared more serious than it was because Whitlow had only one crime of violence on his record, a robbery. Whitlow's counsel also maintained that the crack/powder disparity affected the application of the career offender guideline and that the court should consider adjusting the sentence downward on that basis as well.

The district court then carefully considered its discretion under *Corner* to vary from the career offender guideline. In its comments, the court addressed the pattern in Kankakee County where street-level dealers like Whitlow routinely received short sentences in the state courts without any warning that entry into the federal system came with substantially increased penalties. Ultimately, the court decided that

Whitlow's record was one that called for application of the career offender guideline, and that Whitlow required a longer sentence because shorter sentences had failed to affect his criminal behavior. R. 38, Tr. at 24–33. The court expressly rejected any argument that the career guideline was not appropriate:

> It would deprecate the seriousness of your criminal history to vary from the career offender advisory guidelines. They're advice; they're guidance, but they're good guidance because they're made for somebody just like you.

R. 38, Tr. at 33. As we noted above, Whitlow then informed this court that his sole issue on appeal was the district court's refusal to apply the Fair Sentencing Act. Following the Supreme Court's ruling in *Dorsey*, we then vacated the sentence and remanded for resentencing.

The government now contends that, at the 2013 re-sentencing, the district court need not have reached any new arguments that could have been raised at Whitlow's first sentencing and that we should not address those issues either. The government cites as "new" Whitlow's argument that the court should not apply the career offender guideline to him and that the court should apply a sentence only incrementally longer than the state court sentences previously applied to Whitlow. But these were not "new" issues before the district court. At the first sentencing hearing, the court itself raised the issue of its discretion regarding the career offender guideline and also indirectly addressed the issue of incremental sentencing. The parties argued these matters on the merits and the court

ultimately concluded that the career offender guideline was appropriately applied to Whitlow and that a guidelines sentence was necessary in light of his failure to change the course of his criminal conduct following lesser state sentences. Thus, when Whitlow raised these issues at the 2013 re-sentencing, they were simply reassertions of issues considered at the 2011 sentencing. That said, Whitlow expressly confined his first appeal to the applicability of the Fair Sentencing Act, telling this court that he had "only one issue on appeal: Whether the Fair Sentencing Act applies," and again that he "had only one nonfrivolous issue to raise on appeal: Whether the Fair Sentencing Act applies." R. 9, at 5; R. 11, at 3.

In assessing the scope of our initial remand, an issue that could have been raised on appeal but was not is waived and, therefore, not remanded. *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011); *United States v. Schroeder*, 536 F.3d 746, 751–52 (7th Cir. 2008). Whitlow contends that, like the defendant in *Schroeder*, the truncated appeals process employed by the parties in the first appeal precluded him from raising any other issues, and so his additional objections were not waived. But Schroeder's "first appeal was truncated before he had the opportunity to challenge the sentencing court's rulings on the issues" that he raised in his second appeal. 536 F.3d at 751. That was not the case here where Whitlow filed two documents in this court professing that he had only one nonfrivolous issue to appeal. In either of those documents, Whitlow could have reserved additional issues related to the first sentencing.

The second major limitation on the scope of a remand is that any issue conclusively decided by this court on the first

appeal is not remanded. *Schroeder*, 536 F.3d at 752; *United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002). The only issue conclusively decided in the first appeal is the applicability of the Fair Sentencing Act, and so nothing in our first ruling precluded the district court from considering other issues in its discretion. We have also held that "when a case is generally remanded to the district court for re-sentencing, the district court may entertain new arguments as necessary to effectuate its sentencing intent, but it is not obligated to consider any new evidence or arguments beyond that relevant to the issues raised on appeal." *Barnes*, 660 F.3d at 1007. *See also Pepper v. United States*, 131 S. Ct. 1229, 1251 (2011) (a criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent, and because a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence so that, on remand, the trial court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)). General remands, such as the one we issued in this case, "render a district court unconstrained by any element of the prior sentence." *Barnes*, 660 F.3d at 1007. The district court was thus free to consider any issue it considered necessary to effectuate its sentencing intent, even issues Whitlow failed to raise in his first appeal. At the same time, the court was not obligated to consider issues that Whitlow had expressly waived.

As Whitlow correctly points out, however, the government did not alert the district court that these issues may have exceeded the scope of the remand and did not argue to the

district court that the issues should be considered waived. Instead, the government responded on the merits and waived any waiver. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (claims of waiver may themselves be waived; when the government fails to resist a petition by arguing that the point was not preserved, and instead urges a court to decide the issue on the merits, the waiver is waived). But even if we consider Whitlow's argument on the merits, we conclude that the court did not err. The court more than adequately addressed the career offender guideline issue and the need for incremental punishment. In fact, at both sentencing hearings, the court addressed the unfortunate pattern of repeat offenders in Kankakee County receiving relatively light sentences in state court until they finally encounter the federal system, where they are subject to lengthy sentences and the career offender guideline. The court was well aware of its discretion to disregard that guideline and to adjust the sentence for incremental punishment. It simply chose not to adjust the sentence on those bases, remarking that "[a] lifetime of crime will eventually get you a lifetime of time in Federal Court." R. 54, Tr. at 14. *See United States v. Womack,* 732 F.3d 745, 747 (7th Cir. 2013) (as long as the sentencing court considers the arguments made in mitigation, even if implicitly and imprecisely, the sentence imposed will be found reasonable). The court did adjust the sentence downward for Whitlow's post-sentencing efforts at rehabilitation, an adjustment to which the government does not object. In all other respects, the court generally followed the government's recommendation to re-impose a sentence at the bottom of the guidelines range, rejecting any challenge to the appropriateness of the career offender guide-

line in this instance. There was no procedural error in this approach; the record as a whole reveals that the court carefully considered all of Whitlow's arguments in mitigation.

**B.**

At the time of the 2011 sentencing, the BOP had not yet determined how it would treat the period of pre-trial detention, when Whitlow was finishing a sentence imposed by the state for conduct that could be considered related to the offense of conviction in federal court. Because Whitlow could not have raised this issue at the first sentencing, there could be no waiver for failure to raise it earlier. *Barnes*, 660 F.3d at 1006; *Schroeder*, 536 F.3d at 751–52. As we noted, at the 2013 re-sentencing, the government urged the district court to decline Whitlow's request to adjust his sentence based on this calculation by the BOP. The government instead suggested that Whitlow could pursue administrative remedies with the BOP. The court remarked:

> Well, and but the way the Bureau of Prisons did it in this case was, in effect, made it consecutive. By not starting until March, they, in effect, waited, I think, until the State sentence was over and then started there and, in effect, took away from me a decision as to whether I wanted consecutive or concurrent. They made it, in effect, consecutive, the way it looks to me.

R. 54, Tr. at 10. When declaring the final sentence, the court stated:

> I'm not going to make any comment about the Bureau of Prisons' calculation. So I'm not, in effect, lowering

> your sentence because they decided to make the sen-
> tence consecutive. I would have made it concurrent if
> I'd have known it, but that's the way things are.

R. 54, Tr. at 20.

The parties now agree that the court misapprehended its discretion to adjust Whitlow's sentence to account for the eight months he was held in pretrial custody, time for which the BOP declined to give him credit. The court made clear that it would have sentenced Whitlow differently if it had known the BOP would take this approach. But the court does in fact possess the discretion to adjust Whitlow's sentence to account for the time the BOP refused to credit. *See United States v. Campbell*, 617 F.3d 958, 960–61 (7th Cir. 2010); *United States v. Bangsengthong*, 550 F.3d 681, 682–83 (7th Cir. 2008). We therefore vacate and remand Whitlow's sentence for the limited purpose of giving the court an opportunity to exercise its discretion to adjust Whitlow's sentence to account for the eight month pre-trial detention, if the court finds it appropriate to do so. *See United States v. Simms*, 721 F.3d 850, 852 (7th Cir. 2013) (describing the two types of limited remand, including where "the appellate court returns the case to the trial court but with instructions to make a ruling or other determination on a specific issue or issues and do nothing else").

VACATED AND REMANDED.