NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 19, 2013
Decided February 10, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1093

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

TYRONE C. WILLIAMS,
    *Defendant-Appellant.*

Appeal from the
United States District Court
for the Central District of Illinois.

No. 09-20066-001

Harold A. Baker,
*Judge.*

**O R D E R**

Tyrone Williams is before us a second time challenging the sentence imposed for his drug conviction. In his first appeal, Williams asserted that the district court's refusal to apply the Fair Sentencing Act of 2010 ("FSA"), based on then-existing circuit precedent, was the only nonfrivolous issue available. Given that representation, we accepted the parties' suggestion to remand for resentencing in light of *Dorsey v. United*

*States*, 132 S. Ct. 2321 (2012). Counsel for Williams now challenges several special conditions of supervised release that were imposed without objection at Williams's first sentencing and were reimposed on remand. In addition, Williams has tendered a pro se brief. We decline to consider the pro se brief. Because the challenge to the special conditions of supervised release was not raised in the first appeal and is also beyond the scope of our remand in the first appeal, the issue was waived. We therefore affirm the judgment.

## I. Background

The facts underlying Williams's conviction are straightforward. He was a passenger in a car that police stopped for a traffic violation near Decatur, Illinois. The officers smelled marijuana, searched the car, and found 12 grams of crack cocaine. Williams admitted that he intended to sell the crack. A jury found him guilty of possession with intent to distribute. *See* 21 U.S.C. § 841(a)(1).

At Williams's first sentencing hearing, the district judge imposed a 10-year prison term, which because of the drug quantity and Williams's prior felony drug convictions, was the statutory minimum before enactment of the FSA. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006). The judge also imposed an 8-year term of supervised release that included these conditions:

> THE COURT: There are four special conditions which are routine. He is to refrain from the use of alcohol or controlled substances, not possess a firearm or dangerous weapon or explosive device, and he is to participate in job training and to get a GED.

Williams and his two lawyers said nothing when these conditions were imposed.

The written judgment entered after that sentencing includes these special conditions of supervised release. Williams filed a notice of appeal, and after we appointed substitute counsel, his new lawyer twice asked us to stay briefing while *Dorsey* was under consideration in the Supreme Court. Counsel then filed a second motion stating that he did not believe he could "raise any non-frivolous issue, except for possibly the *Dorsey* issue." We accepted that representation and stayed briefing, and

after the Supreme Court in *Dorsey* overturned our circuit precedent regarding the applicability of the FSA, we invited position statements from the parties and then remanded for resentencing in accordance with *Dorsey* and the Fair Sentencing Act.

Williams filed a sentencing memorandum focused on his efforts at rehabilitation while in prison. That memorandum says nothing about the special conditions of supervised release imposed at the first sentencing. At the resentencing hearing, the district court, the lawyers, and the defendant all emphasized the importance of a GED. The court and the prosecutor also emphasized Williams's need for steady employment. After noting Williams's drug problem and multiple felony convictions, the district court imposed, consistent with the FSA, a within-guidelines sentence of 72 months' imprisonment and 6 years' supervised release. The judge explained that he still was "of the opinion[,] as I was a couple of—several years ago, what an appropriate sentence in this case would be[,] and it turns out that that is what the guideline sentence is." Nothing was said about the conditions of supervised release until the end of the hearing when the judge encouraged Williams to get a GED in prison and said that the defendant would be "subject also to the regular terms of supervised release." The judge did not elaborate, and neither did defense counsel seek clarification. The court issued an amended judgment that duplicates the special conditions of supervised release included in the original judgment.

## II. Discussion

Through counsel, Williams now asserts that three of the special conditions on supervised release—the ban on alcohol consumption, the requirement that the defendant participate in job training or employment counseling as directed by a probation officer, and the directive that he obtain a GED during the first 24 months of supervision—are void because they are not "regular terms of supervised release" and not part of the oral pronouncement of sentence. Counsel also asserts—in a single sentence without discussion—that the district court "never made any findings" about the appropriateness of the special conditions.

Williams waived any challenge to the special conditions by not contesting them during his first appeal. *See United States v. Whitlow*, No. 13-1347, 2014 WL 211481, at *4–5 (7th Cir. Jan. 21, 2014); *United States v. Barnes*, 660 F.3d 1000, 1005–06 (7th Cir. 2011); *United States v. Sumner*, 325 F.3d 884, 891 (7th Cir. 2003); *United States v. Husband*, 312

F.3d 247, 250–51 (7th Cir. 2002); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001). Indeed, no one said anything about the conditions on remand, and any debate at resentencing about the special conditions of supervised release would have been beyond the narrow scope of our remand in the first appeal. *See United States v. Simms*, 721 F.3d 850, 852–53 (7th Cir. 2013); *Barnes,* 660 F.3d at 1006; *Husband*, 312 F.3d at 251; *Morris*, 259 F.3d at 898. In the first appeal, counsel pledged to raise only the *Dorsey* issue, and given that representation, we dispensed with briefing and remanded for a single purpose: "resentencing in accordance with *Dorsey* and the Fair Sentencing Act." Williams asserts here that "the *Dorsey* remand necessarily involved issues of supervised release conditions," but that argument is meritless: The FSA shortened the minimum *length* of Williams's term of supervised release (from eight years to six), but the FSA in no way affected the *conditions* of supervised release. *Compare* 21 U.S.C. § 841(b)(1)(B), (C) (2006) *with id*. § 841(b)(1)(B), (C) (2012).

In addition, Williams has tendered a pro se brief. Though we have discretion to consider it, a defendant who is represented by counsel has no right to submit a pro se brief. *United States v. Eads*, 729 F.3d 769, 775 (7th Cir. 2013); *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998). The content of Williams's pro se brief has nothing to do with our *Dorsey* remand, and we decline to consider it.

AFFIRMED.