NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2014[*]
Decided June 3, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-3645

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-10124-01 |
| DYTANIEL L. MCBRIDE, *Defendant-Appellant*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

Dytaniel McBride was convicted of drug offenses, conspiracy to launder money, and arson, and was sentenced to life for the drug offenses and 20 years (to be served concurrently) for each of the other two offenses. In McBride's first appeal we accepted the government's confession of sentencing error, ordered McBride acquitted of the

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

arson charge, and remanded for resentencing on the three remaining counts of conviction. *See United States v. McBride*, 724 F.3d 754 (7th Cir. 2013). On remand the district court sentenced McBride to 360 months' imprisonment on the drug offenses and 240 months' for money laundering, to be served concurrently.

McBride filed a notice of appeal, and his appointed attorney, who also represented him in his first appeal and at the resentencing, asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). McBride has filed four documents challenging counsel's motion and raising additional issues. *See* CIR. R. 51(b). Counsel's submission fully explains the nature of McBride's case and intelligently discusses potential challenges to the district court's rulings. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed and the issues raised by McBride. *See United States v. Bey*, --- F.3d ---, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996).

Anticipating McBride's responses, counsel first considers whether McBride could challenge the merits of his convictions or any other issues outside the district court's resentencing order. McBride, in his filings, does not contest his new sentence but argues that the evidence was insufficient to support his convictions, that a government witness offered perjured testimony at his trial, and that his attorney was ineffective. Our 2013 opinion affirmed the district court's judgment in all respects except for the two sentencing issues that were remanded. We thus agree with counsel's conclusion that potential arguments outside those arising from McBride's resentencing would be frivolous.

Counsel next questions whether McBride could argue that the court erred in calculating his new sentence. Counsel correctly concludes that any such challenge would be frivolous. The district court, relying on our earlier opinion, applied a total offense level of 40 and a criminal history category of IV. This yielded a guidelines imprisonment range of 360 months to life for the drug convictions, and 240 months for the money-laundering conviction. McBride requested a sentence of 20 years, the statutory minimum for the drug counts, arguing that drug laws are more punitive that those for other crimes and that a lower sentence will lessen the cost of imprisoning him while still keeping him in prison until retirement age when his risk of recidivism will be lower. McBride cannot point to anything in the record to rebut the presumption of reasonableness we afford within-guidelines sentences. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013). And before

imposing the new sentence the district court considered the sentencing factors enumerated in 18 U.S.C. § 3553(a), including the nature of the offenses, McBride's significant criminal history, the cost to imprison him, and his age.

Counsel finally considers whether McBride could argue that the district court erred when it ordered him to submit to drug testing not more than six times a month while on supervised release. Because McBride was convicted of drug-related offenses and the district court appropriately specified a maximum number of tests, *see United States v. Gutierrez-Ceja*, 711 F.3d 780, 783 (7th Cir. 2013); *United States v. Tejeda*, 476 F.3d 471, 473–74 (7th Cir. 2007), we agree with counsel that any challenge would be frivolous. Further, any challenge to the special conditions would be waived because McBride did not contest them during his first appeal. *See United States v. Whitlow*, 740 F.3d 433, 438–39 (7th Cir. 2014).

McBride also explains that he would argue that he received ineffective assistance from counsel during his first appeal. We agree with the lawyer that claims of ineffective assistance are best raised in a collateral attack where the record can be developed. *See* 28 U.S.C. § 2255; *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Finally, McBride raises the potential argument that the district court erred when it denied his motions for new trial and judicial notice filed while this appeal was pending. This argument would be frivolous because it is outside the scope of McBride's appeal, but we discuss it briefly. The district court struck McBride's motions for new trial and judicial notice, reasoning that it lacked jurisdiction to consider them while McBride's appeal was pending. That is not quite right; the district court had jurisdiction to deny the motion for new trial while McBride's appeal was pending, but could not grant the motion unless this court remanded the case. *See* FED. R. CRIM. P. 33(b); FED. R. APP. P. 12.1; *United States v. Blankenship*, 970 F.2d 283, 285 (7th Cir. 1992). Because McBride was represented by counsel, the district court also could have rejected his pro se filings on that basis. *See United States v. Patterson*, 576 F.3d 431, 436–37 (7th Cir. 2009). And the denial did not prejudice McBride because he may renew his motion for new trial in the district court. *See* FED. R. CRIM. P. 33(b)(1) (defendant must file motion within three years after finding of guilty).

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.