NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016
Decided February 4, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2118

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>  *Plaintiff-Appellee*, <br><br> *v.* <br><br> LAWRENCE HALL, <br>  *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 11-CR-00230-2 <br><br> Amy J. St. Eve, <br> *Judge*. |

## O R D E R

This is a direct appeal from a resentencing following our remand in *United States v. Hall*, No. 14-1230 (7th Cir. Feb. 18, 2015). For several years the appellant, Lawrence Hall, had helped his wife bilk elderly Chicagoans out of hundreds of thousands of dollars. Hall's wife, posing as a fraud investigator, would call and convince the victims to turn over their debit cards, credit cards, and currency to one of several paid "runners" recruited by Hall. He would then drive the runners to merchants and direct them to buy merchandise with the stolen cards. After investigators uncovered the scheme, Hall pleaded guilty to wire fraud and aggravated identity theft. *See* 18 U.S.C. §§ 1028A(a)(1), 1343. The district court initially sentenced him to consecutive prison terms of 96 months for the fraud conviction and 24 months for identify theft. Hall

appealed, challenging only certain conditions of supervised release, and at the parties' joint request we remanded for resentencing. At Hall's resentencing the district court incorporated its rulings from the original sentencing. The court then shaved four months off Hall's total imprisonment by shortening the fraud sentence to 92 months. The court imposed only those conditions of supervised release jointly agreed by the parties, with the exception of a condition allowing unannounced visits by Hall's probation officer.

This time Hall's appointed attorney asserts that the defendant's appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Hall has not responded to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by observing that, because this is an appeal from a resentencing, Hall has waived any issue arising before the resentencing. *See United States v. Swanson*, 483 F.3d 509, 514 (7th Cir. 2007); *see also United States v. Sumner*, 325 F.3d 884, 891–92 (7th Cir. 2003) (explaining that law-of-the-case doctrine prohibits party from changing its litigation position during successive appeal unless justified by "intervening authority, new and previously undiscoverable evidence, or other changed circumstances"). Counsel then goes on to discuss potential challenges to two guidelines adjustments that were imposed at the original sentencing (and again at resentencing). But those arguments are also waived because Hall could have raised them during the initial appeal, *see United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014), so we need not address counsel's discussion of why, separate from the waiver problem, those potential challenges would be frivolous.

Counsel next considers a challenge to the reasonableness of Hall's total imprisonment. The two-year consecutive sentence that Hall received for aggravated identity theft was statutorily required, so any challenge to the reasonableness of that sentence would necessarily be frivolous. *See* 18 U.S.C. § 1028A(a)(1), (b); *United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009) (recognizing that district courts generally have no discretion to sentence below statutory minimum). The 92 months that Hall received for wire fraud is 4 months below Hall's original sentence and 28 months below the bottom of the guidelines range. Below-guidelines sentences are presumptively

reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). Counsel has not identified any reason to disturb that presumption, nor can we. The district court considered the relevant sentencing factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense (observing that Hall had caused havoc for many vulnerable victims and had tried to threaten a codefendant into silence), his history and characteristics (referring to his twelve adult convictions, but also his difficult upbringing and efforts to obtain a GED), and the need to adequately punish Hall and deter him from committing future crimes.

Counsel also considers whether Hall could successfully challenge the conditions of his supervised release. Counsel notes that the parties jointly proposed all but one of those conditions, and all of them were pronounced by the district judge in open court. *See United States v. Kappes*, 782 F.3d 828, 838–39 (7th Cir. 2015). But counsel does not mention that two of these conditions are among those we have criticized previously. First, we have said that language requiring Hall to notify his probation officer of any change in employment leaves unclear whether this condition applies only to "changing employers or also includes changing from one position to another for the same employer at the same workplace." *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015). Second, the condition prohibiting Hall from leaving the judicial district without permission "improperly imposes strict liability" because it lacks a scienter requirement. *Kappes*, 782 F.3d at 849–50. Hall submitted language in a joint sentencing memo that would have cured these ambiguities, but he didn't object when the court imposed the conditions without the clarifying language. Moreover, we have no reason to believe that Hall would now wish to challenge these conditions, as counsel has not identified a potential argument related to them and Hall has not responded to the *Anders* brief. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). If Hall later finds the conditions problematic in application, he can seek modification to the extent authorized by 18 U.S.C. § 3583(e)(2). *See United States v. Neal*, No. 14-3473, 2016 WL 258622, at *6–8 (7th Cir. Jan 21, 2016).

That leaves the condition to which Hall did object—the requirement that he permit a probation officer to visit him "at any reasonable time" at home, at work, or at school without advance notice and to confiscate any contraband observed in plain view. At sentencing Hall argued that unannounced visits would infringe upon his right to privacy and were unnecessary in light of other conditions requiring him to keep in touch with his probation officer. In rejecting these concerns, the district court reasoned that unannounced visits would facilitate supervision, help Hall reenter society, and deter future criminal conduct. This condition is narrower than similar conditions we've

criticized in the past, and the court gave reasons for imposing it. We thus agree with counsel that it would frivolous for Hall to argue that the court abused its discretion in overruling the objection. *Compare United States v. Douglas*, 806 F.3d 979, 985–86 (7th Cir. 2015) (concluding that the district court adequately explained need for condition permitting probation officer to visit defendant at home "at any time"), *and United States v. Armour*, 804 F.3d 859, 870 (7th Cir. 2015) (same, where condition permitted visits between 6:00 a.m. and 11:00 p.m.), *with United States v. Poulin*, No. 14-2458, 2016 WL 51387, at *8 (7th Cir. Jan. 5, 2016) (rejecting condition because district court made "no effort" to explain necessity of permitting visits "at any time"), *and Kappes,* 782 F.3d at 850–51 (same).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.