NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2016
Decided April 13, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 15-2723 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellee*, | Eastern Division. |
| | |
| *v.* | No. 10 CR 143 |
| | |
| EDGAR HERNANDEZ, | Samuel Der-Yeghiayan, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

This is a direct appeal from a resentencing following our remand in *United States v. Hernandez*, No. 14-3046 (7th Cir. Mar. 6, 2015). Edgar Hernandez's appointed attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Hernandez has not responded to our invitation to comment on counsel's motion. See CIR. R. 51(b). Counsel's brief explains the nature of this case and addresses the potential issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Criminal charges were brought against Hernandez after his girlfriend discovered videos of child pornography on his cell phone. Hernandez fled to his native Mexico, where he eventually was detained by Mexican authorities for six months and then transferred to the custody of the U.S. Marshals Service. He pleaded guilty to production and possession of child pornography, see 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B), and was sentenced to 480 months' imprisonment (consecutive prison terms of 360 months for the production charge and 120 months for the possession charge), plus 10 years of supervised release. Hernandez appealed, challenging only certain conditions of supervised release, and at the parties' joint request we remanded for resentencing in light of *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). On remand the district court reduced Hernandez's prison term by six months (to credit the time he had spent in Mexican custody) and accepted the parties' joint request to have the ten-year supervised-release term reimposed, and only under those conditions to which the parties jointly had agreed.

We agree with counsel that Hernandez has waived any issue that he could have raised—but did not raise—in his first appeal. See *United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014); *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011).

Counsel goes on to consider challenging the reasonableness of Hernandez's new 474-month total prison term but properly concludes that such a challenge would be frivolous. This sentence is six months below his guideline range (capped at 480 months, the statutory maximum for the two offenses), and below-guidelines sentences are presumptively reasonable. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). Counsel has not identified any reason to disturb that presumption, nor can we. At resentencing, the district court acknowledged Hernandez's expressions of "extreme remorse" and incorporated its rulings from the original sentencing, at which it considered the relevant 18 U.S.C. § 3553(a) factors, including Hernandez's history and characteristics (observing that he lacked any criminal history), the nature and circumstances of his offenses (stressing that the crimes involved "reprehensible conduct that caused not only significant but uncalculated harm to the minor victims"), and the need to punish Hernandez adequately and deter him from committing another "despicable offense."

Counsel also considers whether Hernandez could challenge the term and conditions of his supervised release. Counsel notes that the parties jointly proposed the term and conditions, which all were pronounced by the district judge in open court. See *United States v. Kappes*, 782 F.3d 828, 838–39 (7th Cir. 2015). Counsel does not mention, however, that two of these conditions are among those we previously have criticized.

First, the condition barring Hernandez from leaving the judicial district without permission "improperly imposes strict liability" because it lacks a scienter requirement. *Id.* at 849–50. Second, the condition requiring Hernandez to notify the probation office of any change in employment leaves unclear whether this condition applies only to "changing employers or also includes changing from one position to another for the same employer at the same workplace." *Thompson*, 777 F.3d at 379. But we have no reason to believe that Hernandez would now wish to challenge these conditions, as counsel has not identified a potential argument related to them and Hernandez has not responded to the *Anders* brief. See *United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). If Hernandez later finds the conditions problematic in application, he can seek modification to the extent authorized by 18 U.S.C. § 3583(e)(2). See *United States v. Neal*, 810 F.3d 512, 516, 519–20 (7th Cir. 2016).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.