In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2694

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID L. CRISP, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 13-CR-20050 — **James E. Shadid**, *Chief Judge.*

ARGUED FEBRUARY 8, 2016 — DECIDED MAY 4, 2016

Before POSNER, EASTERBROOK, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* In January 2014, appellant David L. Crisp, Jr. was convicted of possessing crack cocaine with intent to distribute. His initial sentence was reversed and remanded for resentencing based on issues with the conditions of supervised release. Crisp has appealed just one term of his new sentence: not the prison term but a condition of supervised release that directs him to participate in substance abuse

treatment with the proviso: "You shall pay for these services, if financially able, as directed by the U.S. Probation Office." Crisp argues that the district judge improperly delegated to the U.S. Probation Office the determination of his ability to pay for treatment. We affirm.

I. *Factual and Procedural Background*

Crisp was convicted in January 2014 of selling crack cocaine to a law enforcement informant. He has a long history of substance abuse and has been convicted 25 times of various crimes. This case is his eighth conviction involving a controlled substance. Crisp had been released from custody most recently in 2006 and had worked sporadically between that release and 2013. In July and August 2013, Crisp sold crack cocaine twice to a person cooperating with law enforcement. Then a search of his apartment turned up another 41 grams of crack.

Crisp pled guilty to possessing crack cocaine with intent to distribute. His original sentence was 240 months in prison followed by eight years of supervised release. Crisp appealed that sentence, arguing that three conditions of supervised release were not adequately supported by specific findings and were impermissibly vague or overbroad. He also argued that the district judge erred by failing to consider his cooperation with law enforcement. We decided his appeal as part of our opinion in *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015). We held that the supervised release conditions Crisp challenged had not been adequately tailored and justified, *id*. at 852–53, so we reversed and remanded his case for a full resentencing.

Upon resentencing, the court reduced Crisp's sentence to 168 months in prison followed by the same eight years of supervised release. Among the conditions of supervised release, the court ordered Crisp, not surprisingly, to "participate in a program for substance abuse treatment." The court also ordered him to "pay for these services, if financially able, as directed by the U.S. Probation Office." The court had used the same language in the original sentence we reviewed in *Kappes*. Crisp objected that 18 U.S.C. § 3672 required the court to decide his ability to pay for treatment, without delegating the matter to the probation office. The district court approved the provision, saying that our court had "indicated that it is appropriate."

## II. *Analysis*

### A. *Waiver and Ripeness*

We first address the government's argument that Crisp waived his objection to the ability-to-pay term because he failed to challenge the same provision during his first appeal in *Kappes*. Generally, "an issue that could have been raised on appeal but was not is waived and, therefore, not remanded." *United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014). Under ordinary circumstances, Crisp's failure to raise the issue in his first appeal would result in waiver of the issue. See *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002) (discussing limits on scope of remand); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it.").

In *Whitlow*, however, we held that the government had waived the issue of the defendant's waiver in the district court by responding on the merits, without arguing waiver. 740 F.3d at 439. We have the same situation here. At the resentencing hearing, the government responded on the merits to Crisp's objection without arguing that he waived it. In so doing, the government waived the waiver argument.

We also face a ripe controversy here. Crisp is not challenging a specific ability-to-pay determination. None has been made. See *United States v. Douglas*, 806 F.3d 979, 984 (7th Cir. 2015) (rejecting as unripe a challenge to supervised release condition because treatment on which challenge was based had not yet been ordered). Crisp challenges only the court's statutory authority to permit a probation officer to determine his ability to pay when he is released. That issue of statutory authority is ripe for decision now.

B. *The Term in Dispute*

Crisp contends that under 18 U.S.C. § 3672, only a district judge may decide his ability to pay for substance abuse treatment. If contested before the district court, challenges to conditions of supervised release are ordinarily reviewed for an abuse of discretion. *United States v. Armour*, 804 F.3d 859, 867 (7th Cir. 2015), citing *Kappes*, 782 F.3d at 844. In this case, however, Crisp has raised only a legal question of statutory interpretation that we consider *de novo*, meaning without deference to the district court's judgment. *United States v. Ford*, 798 F.3d 655, 661 (7th Cir. 2015).

Before diving into the statutory arguments, we focus first on the terms of the challenged condition: "You shall pay for these [substance abuse treatment] services, if financially able,

as directed by the U.S. Probation Office." On close scrutiny, that language turns out to be a little awkward. The key language, "as directed by the U.S. Probation Office," seems to modify "pay for" rather than "if financially able." Also, no language indicates clearly whether the judge intended the probation officer's direction about such payments to be final, so that the judge would have no further role, or to be subject to review by the judge as needed.

Based on the relationship between a district judge and the district's U.S. Probation Office, we think the better reading is that the judge was providing, first, that Crisp will be required to pay for the testing and treatment services if he is able to do so, and second, that the judge will rely on the probation officer to determine Crisp's ability to pay and to direct Crisp how much to pay and how often, but always subject to the court's ultimate review and supervision.

Probation officers are professionals who play critical roles in the federal criminal justice system. For offenders on supervised release, the probation officer is the principal contact and supervisor. The officer's roles can range from a counselor who encourages and advises an offender who is struggling with job and family issues after prison to a sterner role in enforcing restrictions on drugs and alcohol, contacts with other offenders, and financial obligations, all backed up by the ever-present power to seek revocation and a return to prison.

But of course probation officers do not have the power to revoke supervised release and return an offender to prison. Every action the probation officer takes is subject to review by the district court responsible for the supervisee. That includes an officer's directives to the supervisee to pay X dollars every

month to cover the cost of substance abuse testing and treatment. We suggest that language along the following lines could make this intention clear: "The defendant shall pay the costs of substance abuse testing and treatment, to the extent he is financially able to pay. The U.S. Probation Office shall determine the defendant's ability to pay and any schedule for payment, subject to the court's review upon request."

C. *The Statutory Issue*

The district judge may assign the probation officer the responsibility of gathering information about and evaluating and monitoring the defendant's financial status. As a practical matter, such assignments are inevitable. We are not persuaded that anything in the law prevents the judge from assigning the probation officer to make the initial determinations of how much must be paid as long as the judge is available to review any challenge to those determinations. On this issue our view is not inconsistent with two other circuits that have addressed this issue in precedential decisions.

Turning first to the statute, 18 U.S.C. § 3672 instructs the Director of the Administrative Office of the United States Courts to provide many forms of administrative support to U.S. Probation Offices. This support includes payments for administrative support and expert assistance. The key provision for this case is that the director may "contract with any appropriate public or private agency" to provide alcohol and substance abuse treatment for federal offenders, including those on supervised release.

Only one sentence in the ninth of nine paragraphs in § 3672 refers to the authority of sentencing courts: "Whenever the court finds that funds are available for payment by or on

behalf of a person furnished such services, training, or guidance, the court may direct that such funds be paid to the Director." In Crisp's view, the reference to "the court" implicitly prohibits a district judge from delegating to any extent the determination of ability to pay to the court's employee, the probation officer. He takes this view even though the delegation would be only for an initial decision, which would always remain subject to the court's review upon request.

Crisp seeks support from our decisions restricting the ability of district courts to delegate decisions on the schedules for drug tests and for payment of restitution and fines. See, e.g., *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998) (18 U.S.C. § 3583(d) prohibits delegation of decision about number of drug tests); *United States v. Yahne*, 64 F.3d 1091, 1097 (7th Cir. 1995) (§ 3663(f)(1), which was later replaced by § 3664(f)(2), prohibits delegation of decision on schedule for fine and restitution payments); *United States v. Arellano*, 137 F.3d 982, 986 (7th Cir. 1998) (*Yahne* holding extends to payment schedule for fines); *United States v. Boula*, 997 F.2d 263, 269 (7th Cir. 1993) (§ 3663(f)(1) requires district court to specify schedule for restitution payments); cf. *United States v. Tejeda*, 476 F.3d 471, 473–75 (7th Cir. 2007) (erroneous delegation of drug-test schedule was not plain error).

In cases involving payment for substance abuse treatment and testing under § 3672, the Fifth and Ninth Circuits have rejected this view and have permitted courts to assign the ability-to-pay decision, though without being specific about the importance of the judge's power to review the probation officer's determination. In *United States v. Warden*, 291 F.3d 363 (5th Cir. 2002), the Fifth Circuit approved the delegation of the

ability-to-pay determination to the probation officer. The de-
fendant in *Warden* had argued as Crisp does that the delega-
tion of this decision is comparable to an improper delegation
of setting a schedule of restitution payments. See *id*. at 366,
citing *United States v. Albro*, 32 F.3d 173 (5th Cir. 1994). The
Fifth Circuit rejected the comparison, explaining that the
"ability to pay" inquiry is a "factfinding determination com-
monly made by probation officers in other contexts." *Id.*

In *United States v. Dupas*, 417 F.3d 1064 (9th Cir. 2005), the
Ninth Circuit followed *Warden* and held that a district court
had not plainly erred by giving the probation officer authority
to determine ability to pay for drug treatment. The court ex-
plained that § 3672 is "directed primarily to the functions of
the probation office," while § 3572 (schedules of fine pay-
ments) and § 3664 (schedules of restitution payments) are fo-
cused on "the court's imposition of sentences and restitution."
*Id.* at 1072. The Ninth Circuit contrasted the general language
in § 3672 about the court's ability to order the defendant to
pay for the treatment with the much more specific language
in § 3572 and § 3664(f) about the court's responsibility for set-
ting payment schedules for fines and restitution. *Id.* In so do-
ing, the *Dupas* court emphasized that the delegation did not
include the initial determination of whether substance abuse
treatment should be ordered in the first place, meaning that
no "core judicial function" had been delegated. *Id.*

In *United States v. Soltero*, 510 F.3d 858 (9th Cir. 2007), the
Ninth Circuit went beyond the plain-error question in *Dupas*
and approved a delegation of ability to pay decision under
§ 3672 using an abuse of discretion standard. *Soltero* quoted
the reasoning of *Dupas* and affirmed the delegation with little
additional analysis. *Id*. at 864. The court noted, however, that

the probation office had the power only to require payment for treatment the court had already approved, not the power to impose punishment. *Id.* at 864 n.6.[1]

We agree with the Fifth and Ninth Circuits that the comparisons to schedules for fine payments and restitution payments are not persuasive here. The statutes governing fine and restitution schedules are much more detailed and explicit about the district court's responsibilities. See 18 U.S.C. § 3572 (d)(2) and (3) (requiring court, if immediate payment of fine is not required, to set schedule for "shortest time in which full payment can reasonably be made" and to require defendant to notify court of material change in economic circumstances); § 3664(f)(2) (requiring court to "*specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid….*")(emphasis added). As noted, § 3672 has only one general sentence addressing the ability-to-pay question and provides no details about how courts are to determine if "funds are available" or the method and procedure by which "such funds" should be paid to the probation office.

We also see a relevant difference in kind between fines and restitution, which are part of the defendant's punishment in

---

[1] The *Soltero* panel majority made this point in response to the dissent's assertion that "deciding whether a defendant should be forced to pay for rehabilitative treatment (and, if so, to what extent)" was a punitive, not an administrative, decision. *Id.* at 869 (Hawkins, J., dissenting in part). In this case, the district court decided that payment will be required. The only issue assigned to the parole officer, and only in the first instance, is the defendant's financial ability to pay. That decision is purely administrative.

the original sentence, and payment for substance abuse treatment during supervised release, which is intended only for the defendant's rehabilitation. See *Dupas*, 417 F.3d at 1071–72 (collecting cases). Unlike decisions regarding payment of fines and restitution, which are so central to the defendant's culpability and punishment, the question of ability to pay is essentially administrative. The probation officer is in the best position to evaluate the defendant's financial status in the first instance. If a defendant under supervision believes the probation officer is acting unreasonably, he may ask the court to step in and overrule the probation officer. As noted, the supervisor for supervised release is ultimately the court.

To oppose this reasoning, Crisp relies on our decisions on schedules for drug tests and restitution payments. Those decisions have relied on language in § 3583(d) and § 3663(f)(1) that identifies "the court" as the one to make the decision, much as § 3672 says the court should find whether funds are available to pay for substance abuse treatment. The argument has some force, but we are not persuaded.

*Bonanno* and the other drug test cases require the district court to set the number of drug tests but then allow a probation officer to exercise discretion under that ceiling. District courts have responded to that line of cases by setting high ceilings (such as "no more than 104 tests per year") and allowing probation officers to order drug tests as needed in the officer's judgment. See *Gutierrez-Ceja*, 711 F.3d at 782–83. We see no significant difference between that sort of permissible delegation and the payment provision here. In this case the judge has in effect ordered the defendant to pay all the costs of the substance abuse treatment—unless the probation officer con-

cludes he cannot do so as a practical and administrative matter. In both instances, the judge determines that the payment or testing requirement is appropriate, while actual implementation is left to the probation officer, who is closer to the defendant's circumstances. Section 3672 permits that approach.

Crisp is clearly worried that probation officers will abuse their discretion, but probation officers must have some degree of discretion if they are to perform their duties. As we said in *Kappes*, "at some point, we must 'fairly presume [the defendant]'s probation officer will apply the conditions in a reasonable manner.'" 782 F.3d at 857, quoting *United States v. Smith*, 606 F.3d 1270, 1283 (10th Cir. 2010) (alteration in original).

If probation officers abuse their authority, district judges can step in. A probation officer's actions are always subject to judicial review. If Crisp feels his probation officer is unreasonably requiring payment of the costs of drug treatment, he may seek modification of the condition under 18 U.S.C. § 3583(e)(2). See *United States v. Neal*, 810 F.3d 512, 518 (7th Cir. 2016). This backstop allows the district judge to assign this factual determination to the probation officer in a pragmatic way, and to do so without relinquishing ultimate control over the sentence and supervision, including the payment terms.

Accordingly, the ability-to-pay term of the supervised release conditions is lawful, and Crisp's sentence is AFFIRMED.